The first case for argument this morning is 24-1502, Herman v. DOJ. Mr. Friedman, whenever you're ready. May it please the Court. This appeal is made after the Merit Citizens Protection Board issued a decision stating that Herman, who had been employed by the Bureau of Prisons and who initiated a whistleblower protection act based on retaliation, did not show by preponderant evidence that he had a reasonable belief that his disclosures evidenced any of the situations specified in the statute. The statute involves, the statute contains a list of... So what is your, in terms of your, well firstly let me ask you a preliminary question that this case is unusual at least to the extent that it's been litigated over 20 years, a very long period of time, and that doesn't seem to have been directly the fault of your client. But since your client, according to the record, retired in 2015, I'm not clear what the relief you sought back when you filed this, but what kind of relief would be available to your client, even if there were some merit found here? This is not an issue that I don't believe is germane to the proceedings, but I've represented him for 17, 18 years now. And I was an advocate for him. In terms of equitable relief, he's no longer with the agency. So the only type of remedy is a self-serving remedy as it affects me, which is all of these sweat and toil that has been put into this case to show that the action taken against Mr. Herman was improper. Well, along those lines, I mean, we all agree it's been going on a long time. If arguably you were to prevail on the question before us today, which is whether there was a protected disclosure, am I wrong that it would just result in a remand, and then the agency would be able to come forward and say, prove by clear and convincing evidence that it would have taken whatever actions he alleged were taken against him? Unfortunately, the answer is yes. The agency had multiple opportunities to present any evidence whatsoever that the actions that had been allegedly taken against Mr. Herman, which consisted of a laundry list of actions that the agency has never challenged as not being personal actions. Since Mr. Herman is no longer with the agency, it would just be to establish that whatever happened to him was improper. Unfortunately, the Whistleblower Enhancement Protection Act was not in force at that time. Had it been, perhaps Mr. Herman would not have retired and would have sought elements of damages that were personal to him. But because this case is under the Whistleblower Protection Act, the only remedies would be equitable in nature, and since he's no longer with the agency, that only leaves the issue of attorney fees. That's it. But just to follow up, what I said before is that in order to even be eligible for attorney's fees, hypothetically, you would need to prevail on this case, then you would need to go back in the remand and prevail on that case, subject to appeals. I don't want to see you in 10 years. You are absolutely right, but how many bites of the apple does the agency have? The agency was ordered in the second reported decision that the agency had the affirmative obligation to show that the personal actions, which is uncontested, were justified by clear and convincing evidence. The agency chose not to follow the directive of the court, but to allege that there was no case at the outset. The agency's argument, which is the subject of this matter now, is that Herman personally didn't have a reasonable belief. So what's wrong with that? You're challenging that finding by the administrative judge. What was the error in there? Well, what I'm challenging is the I don't believe that the administrative judge ever ruled on that. The board, six years after the hearing, issued a ruling that Herman didn't show by preponderant evidence that he had a reasonable belief. Herman was a reasonable man. There was nothing in the record, absolutely nothing, which challenged Herman's belief. No one said that Herman was not sincere. The question isn't whether or not he had the belief. The question is whether it was a reasonable belief. My recollection is that the AJ did make findings based on what Mr. Herman had said at some point about the situation of his job and having to establish neutrality or whatever. There was no citation to the record of any testimony. Herman battled because he had a belief that he was wrong. And he identified the three specific disclosures that have never been challenged. So number one, the agency is not saying that Herman didn't make protected disclosures. The agency has never alleged that the personnel actions didn't fall within the ambit of the statute. And the presidential decision that was issued back in 2011 said that Herman or that a reasonable person made these disclosures. So the agency, the board, in its final decision came up with this statement that Herman didn't show by preponderant evidence that he personally reasonably believed that what he was raising was a legitimate gripe that fell within the purview of the statute. And there's no basis. There's no citation to the record. And that's not what the law says. The law says that if there are disclosures that have been reasonably made and no one challenged that, there was a prima facie case. Then the affirmative burden shifts to the agency to show by clear and convincing evidence. The agency showed nothing. There was no evidence that the agency said that the personnel actions taken against him, and there were a laundry list of personnel actions, were justified by any factual basis. So the agency, the board, is challenging the veracity of Herman saying that he created a lawsuit that he didn't believe in and that he wasn't a reasonable person. Well, Jay, do you want to look at Appendix 12, APPX 12? Because at least in that portion of the decision, it does refer to his hearing testimony at 203. Do you know what I'm referring to? I'm sorry. Appendix 12. Is it the board's opinion? Yes, it's the board's final opinion. It does refer to his hearing testimony and cites the transcript of the hearing. I'm sorry. I didn't mean to cut you off. If you look at Appendix 11, this is the basis of the agency's argument. The appellant did not show by preponderant evidence that he had a reasonable belief that his disclosures evidenced any of the situations specified in 2302. So he specified a whole host of actions that were taken against him, and this was after he identified specific disclosures that he had made. The list of issues identified by 2302, which Herman specifically referenced, is on page 6 of the opening brief. He said reduce teleworking. I understand that. There are 15 different actions that fell under the ambit of personnel actions, 15, and he tied them to specific disclosures that the board in its presidential decision said these are disclosures that a reasonable person could make. So did Herman just come up with fictitious disclosures just to say I am not a reasonable person and I didn't reasonably believe that the disclosures which the board deemed to be reasonable were actual disclosures that I didn't believe in? The board is saying Herman is not a reasonable person and no one challenged him. There's nothing in the record. So what the board did was make credibility findings when the board was not even... Isn't it when you look at the reasonable person standard, I had understood that to mean that the board was saying from the standpoint of an objective standpoint and not holding that Mr. Herman was unreasonable. I just want to make sure that's very clear on the record. I don't think there's a holding that he was unreasonable. I think it's that you have to look at it from an objective standard, and that's what the holding was. Do you agree with that? It is an objective standard, number one, but the board without participating in the proceedings and looking at the administrative record and not citing anything in the administrative record said we feel that Herman was not reasonable. That is without the... Number one, it's without the authority of the board. Number one, the board was not the fact finder in this case, and number two, the board was not present at the hearing. The board didn't raise the issue of, well, how could you determine that what you said was reasonable when Herman said that there was a Privacy Act violation? There was either a Privacy Act violation or not, and why would Herman raise it if he didn't believe that they were violating his rights? Okay, I think we take your argument, and you're into your rebuttal time, so why don't we save it? Okay, thank you. Thank you. Good morning, and may it please the Court. The board properly denied corrective action in this IRA appeal because Mr. Herman failed to prove a prima facie case that he made protected disclosures. Now, on appeal, Mr. Herman has a lot of arguments which are fully addressed in our reply brief, most of which did not come up today, so I'm not going to belabor those. There does not seem to be much left of this appeal after Mr. Herman's three-page reply brief, so I'm just going to start there, if that's okay. Can I ask you a preliminary question about these cases?  Because we see a fair number of them, and it seems like, based on my own anecdotal experience, that in most of the cases, the board allides the protected disclosure, and it sort of gives that up, and they start with whether the agency has established by clear and convincing evidence that they would have taken the action anyway. That's actually what the administrative judge initially did in Herman 3. Who makes that decision? I mean, how does that decision get made? Does the agency come in and press, we're not going to contest the protected disclosure, and let's just get on to the burden we have on clear and convincing evidence, or does the board just decide at the end of the day which way it wants to make it stand? Those issues were all fully contested by the agency before the administrative judge, but exercising the administrative judge's discretion in Herman 3, that judge saw fit. There were multiple administrative judges throughout this odyssey, but that administrative judge determined that it would be more efficient to bifurcate the prima facie case from the clear and convincing because, I guess, in the administrative judge's view, that would be more efficient to just look at the clear and convincing, and then prima facie didn't matter, and the board said in Herman 4, there's some more things to do, and look at the prima facie case. So that's how it came back down. There were multiple round trips to the board, which really bent over backwards to ensure a fair process for Mr. Herman, who ultimately didn't prove his case. And just on the point your friend made in response to a question, which is all that's left here in terms of relief, he said, was attorney's fees. I should note this, but attorney's fees under the board, is this under EJA if he prevails, or is this just regular attorney's fees? It's regular attorney's fees. EJA fees would apply to fees incurred in this court, but I don't think EJA applies to MSPB proceedings, but that's not something I've studied, but that's my general understanding. Is there a provision allowing a successful claimant before the board to get attorney's fees? And if so, what is it, and what are the standards? And as an Article 3 matter, is the possibility of fees enough for us to have a live case of controversy, or does there have to be merits relief available, something other than the certificate that says you, the plaintiff, were right? Yeah, I can't from top of mind tell you the statute, but my general understanding is that the board can essentially award make whole relief, and that would include attorney's fees before the board. But as for Article 3, this was something, it's a really interesting question, and one that we actually thought long and hard about before we filed our brief, and ultimately determined, well, the statute also potentially provides for Record correction? Damages, remedies, and things like that, which are now conceded not to be at issue here. If it was clear at that time that this case was just about attorney's fees, we might have made an Article 3 standing argument. What about just correcting the employment record if the plaintiff wins? There's nothing to correct, Your Honor. That's what's really unusual about this case, and the whistleblower claim in this case, is nothing really happened to Mr. Herman. Somebody questioned his objectivity, and it went nowhere. He got a letter of counseling that was acknowledged in the normal personnel evaluation process, and it was withdrawn. Do we have an issue in front of us whether the actions that are alleged to be personnel actions under 2302 are, in fact, personnel actions? I thought the BHA and the board said, we have personnel actions in front of us. Yes, there are marginal personnel actions that really didn't make a significant difference in any aspect of Mr. Herman's career, and he doesn't claim otherwise. Can I kind of switch topics to what I think was the, I don't know, the core of what Mr. Friedman was arguing? So the phrase reasonable belief has a belief component and the reasonableness of it. The belief component is self-evidently a fact matter. Is the reasonableness a fact matter or a law matter? Because what you have to believe is certain things about whether there was a violation of law. That's one standard. Whether there was an abuse of authority. Abuse of authority has to be, I assume, kind of a legal standard for whether the agency is doing something outside of what it should be doing or how it should be doing it. Is that, because to a large extent, I think what we've heard from Mr. Friedman is the belief is a factual matter. There's not really any dispute that he believed these things. So then I think he was focusing very much on what is the record that would support a factual determination that Mr. Herman was unreasonable. And so I keep thinking, is that really a fact question? I've spoken enough. Sure, Your Honor. I take your questions there. I'll take, what is a reasonable belief and what's the factual record? As far as a reasonable belief goes, it's what would an objective observer who knew what Mr. Herman knew think or believe in that situation? And is that question a legal question or a factual question? Have we said? I don't think your recitation of the standard review in your brief, unless I'm just not remembering, said that that is a legal determination. No, Your Honor. It is a fact question because you have to look at what the employee actually knew in that particular situation. I'm sorry. I'm sorry. Do you know that from any case law or anything you're relying on or is it more from a feel? The reason why I ask that is we might not have addressed this specific issue in this context, but surely there's case law out there that talks about when you are in other contexts of the law and you're looking at what does a reasonable person or objective outsider believe. It could be that there's underlying issues of fact, but it's an ultimate question of law. If I'm not mistaken, I believe LaChance may address this. I know the MSPB cites a number of cases for that proposition as well. Those may have been board cases. What proposition? That it's a reasonable observer for purposes of 2302B8 is what a reasonable person would believe if they knew what the employee knew. It's a question of what? Fact or law? You're saying LaChance provides the standard? Yes. What is that standard? It's fact? Yes. Thank you. Yes, indeed. I just wanted to confirm that. Sure. Mr. Herman suggests that the administrative judge who receives all of Mr. Herman's attention, he doesn't really even challenge the board decision in his briefs, which is curious. He doesn't really present a challenge to the board's final decision, but he suggests that the administrative judge never addressed this, but the administrative judge clearly did on pages 97 through 107 of the appendix in Herman 5, what we've called Herman 5. The administrative judge reiterated that it was affirming those holdings in Herman 7 at 141 of the appendix. Then the board also articulated and applied the same reasonable belief standard on pages 9 through 19 of the appendix. Back to Judge Toronto, your question about what evidence in the record was germane to that particular issue. The discussion in Mr. Herman's testimony is on pages 387 through 390. It starts on 387. That talks about his understanding that his object, he understood, he knew that these reviews had to be unbiased and it would be appropriate for someone who thought that there was an unbiased review going on to notify a supervisor for the reasons and perhaps the motivations for why there was a biased review. That was apparently what vexed Mr. Herman so much that someone would question his objectivity that we have been looking at perhaps an 18-year procedural history of a case where ultimately there was no serious ramifications that followed these disclosures. Mr. Herman retired without incident seven years after the alleged protected disclosures in question. Mr. Herman does not provide any basis for this court to disturb the board's fact-intensive decision and the court should affirm. Thank you. Mr. Edelcheck started out with the declarative statement that Mr. Herman failed to prove a prima facie case. That is contrary to the evidence of record. The agency first attempted to blunt Mr. Herman's whistleblower appeal after he filed. The agency issued a decision either denying, which was improper, or dismissing the appeal for failure to state a prima facie case. That went to the board. The first significant board decision was the 2011 decision. It's a reported decision. It's a precedential decision. But you're not contending, are you, that it decides dispositively the question of whether or not he . . . You're not contending that they decided that he had made a protected disclosure? Because that wasn't at issue before them. No. You are correct. The board did not render a substantive decision. The board rendered a decision stating that Mr. Herman established a prima facie case. A non-frivolous allegation presented a non-frivolous allegation. Right. But he had presented a non-frivolous allegation which had supported his prima facie case, and that then the burden shifts to the agency. From a conceptual standpoint . . . It seems to me that maybe there's some confusion about the following. So there's the jurisdictional threshold question. That's what was decided in 2011. The jurisdictional question threshold simply says there's enough to go to a  It does not shift the burden to the government to make proof. Once you get to the hearing, you have to make the initial proof of the prima facie case. So the fact that there was . . . that the jurisdictional threshold was crossed, a non-frivolous allegation, doesn't mean that the burden shifted to the government. Why is that wrong? I understand what you are conveying. It's my understanding, and I may not understand fully what the law says. But once a prima facie case is established, then an individual who is the alleged whistleblower doesn't have to prove his case by a preponderance of the evidence. The problem here is that a prima facie case wasn't established, nor did anybody ever rule that a prima facie case was established. There was no ruling in your favor that a prima facie case was established. The only ruling in your favor was that there were non-frivolous allegations sufficient to give the board jurisdiction. Correct. And then the agency . . . there were allegations made. The agency then would have to show by clear and convincing evidence what the agency . . . what the board is saying is the agency doesn't have to show anything that the whistleblower has to prove his case by preponderant evidence. How does he prove . . . Well, don't you think that's not correct under the statute, that if you allege that you engaged in protected activity, that you can just say that and the burden shifts? I mean, don't you think the petitioner does have a burden to establish that his activity was protected? What my understanding is is when a prima facie case is established, that is where there is a reasonable belief that there had been disclosures made and that personnel actions flowed from those disclosures. That is my understanding. But he never . . . the board concluded that there was no . . . he had not established that he had a reasonable belief. He hasn't . . . I'm sorry. The board was saying that Herman did not have a reasonable belief that the disclosures were . . . no one is arguing that the disclosures that he made fell within the category of disclosures. So if he made the disclosures, then the agency would have to say you are not a reasonable person or you are lying. You are coming up with legitimate disclosures, but you did not engage in what you intend to and it doesn't relate to you at all and there is no basis for you to have made the disclosures. Okay. I think we are well over time. We have your argument. Thank you. We thank both sides. Thank you. Thank you. Thank you so much.